Argued October 5, petition allowed October 20, 1965

# MOSSER v. THORNTON ET AL

406 P. 2d 788

*John D. Mosser,* Portland, argued the cause and filed the brief in propria personna.

*Donald Seymour,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General, and Theodore W. deLooze, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

HOLMAN, J.

This is a proceeding for review of a ballot title furnished by the Attorney General for a proposed initiative measure. The measure proposes the repeal of the present Article XI, Section 11, of the State Constitution and the enactment of the following substitute provision:

"Section 11. TAX LIMITATION. (1) The total amount of ad valorem taxes, special assessments, fees or other charges which may be levied on the assessment and tax rolls against any real property or personal property in any year shall be limited to one and one-half percent of the market value of such property and the revenue derived therefrom shall be used to defray general and local governmental expenses and the interest accruing on, and the retirement of, existing bonded indebtedness.

"(2) In the event any combination of budgets

of taxing units would result in an aggregate levy on any property in excess of the levy limitation of subsection (1) of this section, the State Tax Commission is authorized, empowered and directed, in cooperation with said taxing units, so to revise, allocate and adjust the budgets of such taxing units as to bring the aggregate levy within the limitation provided in subsection (1) of this section. The Legislative Assembly may enact legislation to carry out the provisions of this subsection (2).

"(3) The limitations provided in subsection (1) of this section shall not apply to any measure for financing a public improvement or for the support of public schools when submitted by a taxing unit to the voters therein at a statewide primary or general election and approved by a majority of the voters voting thereon which must also be not less than thirty-three (33) percent of the registered voters entitled to vote thereon at said election."

Under ORS 254.060 and 254.070 the Attorney General is required to provide a ballot caption not exceeding six words by which the measure is commonly referred to and an abbreviated statement not exceeding twenty-five words about the chief purpose of the measure. The Attorney General furnished the following caption and title:

"CONSTITUTIONAL AMENDMENT LIMITING PROPERTY TAXES
"PURPOSE: Limits property taxes to 1½% of market value. Excepts voter-approved local improvements and school expenditures. Repeals 6% limitation on property tax increases."

The appellant-petitioner, in accordance with ORS 254.080, proposes the following caption and ballot title:

"CONSTITUTIONAL AMENDMENT CHANGING PROPERTY TAX LIMITATION

"PURPOSE: Repeals present tax limitation. Limits property taxes to 1½% of market value. Directs State Tax Commission to reduce local budgets to fit limitation. Provides exceptions."

■ "The purpose of the appeal is not to secure for the bill the best possible ballot title, but to eliminate one that is 'insufficient or unfair.' " *Weider v. Hoss,* 143 Or 122, 125, 21 P2d 780 (1933). We believe that the Attorney General's caption is insufficient because it does not inform the voter that the proposed measure substitutes one property tax limitation for another. The appellant-petitioner's caption not only uses the term "property tax limitation" by which the measure is commonly referred to but also informs the voter that one limitation is being substituted for another. We therefore adopt the appellant-petitioner's caption.

The basic dispute concerning the body of the ballot title is the relative importance of the different provisions of the proposed measure. The Attorney General mentions the voter-approved exceptions to the limitation. The appellant-petitioner contends that the provision empowering the State Tax Commission to revise local taxing district budgets to fit within the limitation is equally or more important. The appellant-petitioner also contends that the provision in the Attorney General's ballot title concerning the voter-approved exceptions is misleading because it does not indicate the severe restrictions placed upon the manner in which they may be secured. The measure provides that voter-approved expenditures in excess of the limitation must (1) be approved by at least one-third of the eligible voters (2) at a statewide primary or general election only.

■■ We believe the body of the ballot title is insuf-

ficient insofar as it fails to mention the power of the state through its tax commission to revise local budgets and insofar as it fails to inform that voter-approved expenditures in excess of the limitation can be secured only in a limited manner.

Realizing the inadequacies inherent in the use of a limited number of words, the following caption and ballot title are certified by this court to the Secretary of State:

"CONSTITUTIONAL AMENDMENT CHANGING PROPERTY TAX LIMITATION

"PURPOSE: Repeals 6% limitation. Limits property taxes to 1.5% market value. Tax Commission revises local budgets if limitation exceeded. Excepts voter-approved expenditures under limited circumstances."