Argued March 17, petitions allowed, corrected ballot title certified to Secretary of State March 26, 1969

ROGERS, *Petitioner, v.* MYERS, *Respondent,*
and
RHOTEN, *Petitioner, v.* MYERS, *Respondent.*
452 P. 2d 302

Keith D. Skelton, Portland, argued the cause and filed a brief for petitioner Rogers.

David G. Frost, Hillsboro, argued the cause for petitioner Rhoten. With him on the brief was Robert G. Davis, Medford.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, DENECKE, HOLMAN, LANGTRY and HAMMOND, Justices.

## HOLMAN, J.

House Joint Resolution 8 was enacted by the 55th Legislative Assembly. It submits to a vote of the people on June 3, 1969, a proposed amendment to the Oregon Constitution creating a new Section 11a to be added to Article XI. A ballot title was prepared for the proposed amendment by the legislature in conformance with ORS 254.073(1). Two separate petitions for review of the ballot title were filed in this court pursuant to ORS 254.077 by persons who are dissatisfied with it. The two proceedings were consolidated for hearing.

To describe all of the amendments, provisions and effects in detail would require a more voluminous discourse than is possible or proper in any legal opinion. Generally, however, the amendment does the following:

    (a) provides that no school district has the authority to levy an ad valorem tax in any year so as to raise a greater amount of revenue than its tax base; offsets the basic school support against any tax levied by the school district;

    (b) changes the manner of setting tax bases for school districts and defines the power of the school districts by election to levy property taxes in excess of the tax base;

    (c) gives to the legislature the power to provide tax bases for school districts that vary from the bases that the districts have otherwise established under the amendment;

    (d) provides for an automatic increase in the tax base of five percent annually;

    (e) limits the number of tax elections a school district may call in any one year;

    (f) provides that the limitations on taxes levied by school districts do not apply to levies for the payment of bonds or to serial levies for non-operating purposes authorized by the voters;

    (g) provides that the following House Bills, which have been passed by the legislature, will become effective upon the adoption of the constitutional amendment: HB 1055 providing for a corporation excise tax increase on financial institutions from eight percent to nine percent and on other corporations from six percent to seven percent; HB 1086 providing for the dates for school district elections; HB 1126 providing that property taxes on homesteads worth $20,000 or less owned by persons 65 years or older may not be increased and providing for certain income tax rebates to certain individuals who own or rent a homestead and whose

household income is less than $3,500 for the tax year; HB 1127 providing for the imposition of a three percent sales and use tax which exempts food and prescription drugs;

(h) provides that the proceeds of the sales tax shall be used exclusively for property tax reduction by way of an offset against ad valorem taxes;

(i) provides that the legislature may not impose a sales tax at a rate exceeding three percent unless approved by the vote of the people.

■ The law requires that a ballot title have a caption of not to exceed six words and a statement of not to exceed 75 words. The caption must describe the manner in which the measure is usually referred to or spoken of. The statement must describe the chief purpose of the measure. The difficulty inherent in attempting to prepare such a title under the present circumstances is readily apparent.

The present ballot title of House Joint Resolution 8 is as follows:

"SCHOOL TAX LIMITATION AND SALES TAX: Constitutionally limits school property taxes and enacts three percent sales tax and increased corporation taxes. Exempts food and prescription medicines. School districts cannot exceed property tax base without vote of people. Restricts number of school elections, providing uniform election dates. Establishes new tax bases for schools. Entire proceeds of sales tax constitutionally dedicated to reducing property taxes. Sales tax rate cannot be increased without vote of people."

The ballot title proposed by the petitioner Rogers is as follows:

"SCHOOL TAX LIMITATION AND SALES TAX: Constitutionally limits school property taxes, makes operative three percent sales and use tax,

increased corporation taxes, freezes certain property taxes and relieves certain property taxes. Exempts food and prescription drugs. School districts cannot exceed property tax base without people's vote. Restricts number of school elections, provides uniform election dates. Establishes new bases for schools. Sales tax proceeds constitutionally dedicated to reducing property taxes. Three percent rate cannot be increased without vote of people."

The ballot title proposed by the petitioner Rhoten is as follows:

"PROPERTY TAX RELIEF AND SALES TAX: Constitutionally dedicates proceeds of sales tax to reduction of property taxes. Sales tax cannot be increased without vote of people. Constitutionally restricts school property taxes. Limits number of school tax elections. Creates new school tax bases. Enacts increased corporation taxes; three percent sales and use tax exempting food and prescription medicine; rebate of some taxes to low income families and freeze of property taxes on homes of $20,000 or less at age 65."

The parties to the proceedings are not in great disagreement and have agreed at oral argument that the caption proposed by the petitioner Rhoten is preferable and most fairly describes the manner in which the measure is usually referred to.

■ The statement in both of the petitioners' proposed titles includes a recitation that a use tax is being enacted as well as a sales tax. No such recitation is in the present title. A use tax is principally used as a mechanism to keep people from escaping the effects of a sales tax by buying outside the state. It is a method of enforcement of a sales tax and we do not believe it to be of sufficient importance to merit special consideration in the title. We therefore do not

believe the ballot title as written is insufficient or unfair for that reason.

The principal complaint of petitioners is the failure of the title to include any reference to the provisions of House Bill 1126. This bill includes provisions for an income tax rebate for some low income families and provides that there be no increase in property taxes on homesteads of $20,000 or less owned by persons 65 years of age or over.

██ The purpose of a proceeding such as the present one is not to secure for the bill the best possible ballot title, but to eliminate one that is insufficient or unfair. *Mosser v. Thornton,* 241 Or 482, 485, 406 P2d 788 (1965); *Wieder v. Hoss,* 143 Or 122, 125, 21 P2d 780 (1933). The subject matter of House Bill 1126 is of considerable importance and should, in fairness, be included in the ballot title provided nothing of greater importance need be excluded by its insertion. We find we can rewrite the ballot title and leave out no information now included in it and still leave sufficient words to include mention of the contents of House Bill 1126.

██ In addition, the ballot title makes no mention that the proposed constitutional limitations on the levying of taxes by school districts are replacements for already existing limitations. We believe that fairness requires that the voter be informed that one set of limitations is being substituted for another. *Mosser v. Thornton, supra.*

The following caption and ballot title is certified by this court to the Secretary of State:

"PROPERTY TAX RELIEF AND SALES TAX: Enacts three percent sales tax exempting food and prescription medicine. Prohibits increase without

people's vote. Constitutionally dedicates proceeds to reducing property taxes. Changes constitutional school property tax limitations, establishes new property tax bases which school districts cannot exceed without people's vote. Restricts number of school tax elections, provides uniform dates. Increases corporation taxes. Rebates some income taxes to low income families. Prohibits increased property taxes on homesteads of $20,000 or less after owner's age 65."