Argued November 30, ballot title revised December 23, 1970

WHELAN ET AL, *Petitioners, v.*
JOHNSON ET AL, *Respondents.*

478 P2d 391

*Richard R. Carney*, Portland, argued the cause for petitioners. With him on the brief was Berkeley Lent.

*A. J. Laue*, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General.

McALLISTER, J.

On July 3, 1970, an initiative petition for constitutional amendment to be referred to the people was filed with the Secretary of State and on July 10, 1970,

the Attorney General returned the following ballot title therefor:

"BALLOT TITLE

LABOR-MANAGEMENT EMPLOYMENT RELATIONS CONSTITUTIONAL AMENDMENT

PURPOSE: Prohibits union security agreements. Provides that employment cannot be conditioned upon membership or non-membership in, or upon payment or nonpayment of dues or other monies to, a labor organization."

The petitioners are dissatisfied with the ballot title as provided by the Attorney General and have petitioned this court to review the ballot title and to correct it to conform to ORS 254.070.

The parties are agreed that the purpose of the proposed measure is to provide "that employment cannot be conditioned upon membership or nonmembership in, or upon payment or nonpayment of dues or other monies to, a labor organization."

This measure is the same or similar to the measure involved in *Marr v. Thornton*, 237 Or 503, 392 P2d 458 (1964), and *Hill v. Thornton*, 249 Or 292, 437 P2d 824 (1968). We recognize that such measures are commonly referred to as "Right to Work" laws, but that concession does not solve our problem. The statute, ORS 254.070, requires both "a caption not exceeding six words in length by which the measure is commonly referred to or spoken of" and that the ballot title, of which the caption is a part, shall be "impartial." It is conceded by the respondents in this case that "a caption containing the words 'right to work' would be a slogan amounting to an argument for the measure."

When confronted with a similar problem in *Marr v. Thornton* we rejected a caption containing the phrase "right to work" and selected as the best alternative a caption reading: "Constitutional Amendment Prohibiting Union Security Contracts." We believed that the requirement of impartiality was paramount and prohibited the use of an obviously argumentative caption. Our choice in *Marr* was approved and confirmed in *Hill v. Thornton,* supra.

While the caption selected in *Marr* and approved in *Hill* may not be ideal, we believe it is better than the broad abstract caption in the title prepared by the Attorney General, which would include the whole gamut of labor relations legislation. At least the phrase "union security contracts" has, in the parlance of labor regulatory legislation, a generally accepted meaning. We therefore certify to the Secretary of State a ballot title for the amendment reading as follows:

CONSTITUTIONAL AMENDMENT
PROHIBITING UNION SECURITY
CONTRACTS

PURPOSE: Provides that employment cannot be conditioned upon membership or nonmembership in, or upon payment or nonpayment of dues or other monies to, a labor organization.

The ballot title is certified as stated above.

O'CONNELL, C. J., dissenting.

For the reasons stated in the dissenting opinion in *Columbia River Packers v. Appling*, 232 Or 230, 235, 375 P2d 71, 73 (1962), I would deny the petition to review the ballot title in this case.