Argued January 19, ballot title approved January 26, 1972

MARTINDELL ET AL, *Petitioners, v.* MYERS,
*Respondent.*
493 P2d 42

*Warren Hastings,* Portland, argued the cause for petitioners. With him on the brief were Charles E. McGinnis, and Phillips, Coughlin, Buell, Stoloff & Black, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

PER CURIAM.

On November 30, 1971, an initiative measure was filed with the Secretary of State to amend the Constitution by creating a new article to be entitled the "Nuclear Safety and Protection Act."

The ballot title prepared by the Attorney General and returned to the Secretary of State reads:

"CONSTITUTIONAL AMENDMENT REGU-
LATING NUCLEAR PLANTS

"This measure amends Oregon Constitution to prohibit nuclear plants (except university operated) in Oregon unless appropriate state agency finds there will be no exposure of public or environment to radiation, provision is made for decontamination and removal on discontinuance of operation, and full liability insurance is maintained; and requires other precautions. Findings of state agency are made subject to referendum. Civil penalty of $10,000 per day provided for plants located or operating contrary to provision."

The petitioners herein, James W. Martindell and Portland General Electric Company, have filed with this court a petition to correct the ballot title to read:

"CONSTITUTIONAL MEASURE PRO-
HIBITING SPECIFIED NUCLEAR
OPERATIONS

"Prohibits nuclear power plants, nuclear enrichment and processing plants, storage dumps or transportation systems for radioactive materials

from being either located or operated in Oregon. Provides civil penalty of $10,000 per day for violation of Act."

The initiative measure permits nuclear power plants to be located or operated in Oregon only if various conditions listed in the measure have been met. We note that the ballot title prepared by petitioners makes no mention of the conditions delineated in the measure.

The petitioners argue that the proposed measure contains so many conditions and requirements which are incapable of compliance that it amounts to a total prohibition of nuclear plants in Oregon. This is an argument in opposition to the measure; it is not an argument that the title is insufficient or unfair.

The ballot title prepared by the Attorney General, not being insufficient or unfair, is not subject to attack under ORS 254.077.

The ballot title is therefore approved.