Argued March 29, ballot title revised March 30, 1973

BAZETT ET AL, *Petitioners, v.* MYERS, *Respondent.*
PREUSS, *Petitioner, v.* MYERS, *Respondent.*

508 P2d 199

*Gordon L. Macpherson,* Newport, *Lewis B. Hampton,* Beaverton, and *Vernon Cook,* Gresham, argued the cause for petitioners. With them on the brief were Wallace P. Carson, Jr., Salem, Dick Magruder, Clatskanie, Robert Stults, Roseburg, and C. Gregory McMurdo, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

*Keith D. Burns,* Portland, argued the cause and filed a brief for intervenors.

DENECKE, J.

House Joint Resolution (HJR 3) submits to the people a proposed amendment to the Oregon Constitution relating to property tax limitation and school tax revision. The people will vote on the amendment on May 1, 1973. Pursuant to ORS 254.073, HJR 3 provides for a ballot title for the amendment. Petitioners Bazett and others have filed a petition with this court pursuant to ORS 254.077, alleging that the ballot title proposed is "insufficient or unfair" and petitioner Preuss has alleged she is dissatisfied with the title. The respondent is the Secretary of State. All propose other titles. The intervenors are members of the legislature who participated in the preparation of the ballot title in HJR 3.

Our function is to determine whether the title proposed by HJR 3 is "insufficient or unfair" and to certify a title to the Secretary of State. ORS 254.077. The title so certified "shall consist of a caption not exceeding six words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 75 words in length of the chief purpose of the measure." ORS 254.073.

HJR 3 limits the use of the property tax as a source of revenue for schools. It permits a limited local levy on all property for operating costs, a local levy for four specific purposes, including capital construction, subject to present constitutional limitations, and a limited state levy on nonresidential property. HJR 3 also provides that when it becomes effective, that is, if it is adopted by the people, HB 2004, already passed by the legislature, shall also become effective.

HB 2004 is a complex measure providing for the distribution of state-collected revenues to the school districts and for additional tax revenues as substitutes for the revenue now derived by school districts from the property tax.

In HJR 3 the following ballot title is proposed:
"PROPERTY TAX LIMITATION ON SCHOOL FUNDING: Retains constitutional limitations for bonds, capital expenditures, transportation and intermediate education district operations. Limits school districts' other tax levies to not more than $2 per $1,000 of true cash value. Limits state-wide school tax on nonresidential property to not more than $10 per $1,000 of true cash value. Makes effective the Property Tax Relief and School Finance Act of 1973 which declares the preservation of local school control as the public policy of Oregon."

The petitioners, Bazett and others, contend this title is deficient, primarily because it does not specify what new or increased existing taxes, as contained in HB 2004, are being substituted for existing property taxes and is unfair because the measure in fact diminishes the local control of schools.

The intervenors argue that the title proposed by HJR 3 sufficiently informs the voters about the tax provisions of HB 2004 as it states, "Makes effective the Property Tax Relief and School Financing Act [HB 2004]," and that in the limitation of 75 words the specifics of HB 2004 cannot be stated. Intervenors also point out that HB 2004 states that it is the public policy of Oregon to have local control of schools.

■ ■ Adoption of the amendment makes HB 2004 effective as law; therefore, a summary of the most important provisions of that bill, if possible, within

the 75-word limitation, should be included in the title. *Rogers v. Myers,* 252 Or 656, 661, 452 P2d 302 (1969). With the assistance of all the parties we are able to do this. Therefore, pursuant to ORS 254.077, instead of the title proposed in HJR 3, we certify the following caption and ballot title to the Secretary of State:

"PROPERTY TAX LIMITATION; SCHOOL TAX REVISION: Retains limitations on school tax levies for bonds, capital expenditures, transportation and intermediate education districts. Limits school districts' other tax levies to $2 per $1,000 value. Permits state-wide school tax on non-residential property not exceeding $10 per $1,000 value. Makes effective legislation increasing personal income and corporate tax rates, limiting federal tax deduction, creating business profits tax, prescribing revenue distribution for school districts, and declaring preservation of local school control the public policy of Oregon."