Argued September 4, ballot title revised and
certified September 5, 1973

REDDEN ET AL, *Petitioners, v.* MYERS,
*Respondent.*

513 P2d 767

*Thomas C. Enright,* Salem, Theodore R. Kulongo-ski, Eugene, and Lyndon A. S. Wilson, Jr., Portland, argued the cause for petitioners. On the brief was Thomas C. Enright, Salem.

*Lee Johnson,* Attorney General, Salem, argued the cause for respondent. With him on the brief were John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

BRYSON, J.

This is a proceeding for a review of a ballot title furnished by the Attorney General for a proposed petition for referendum. House Bill 2263, relating to collective bargaining for public employees, was enacted by the 57th Legislative Assembly and approved by the Governor on July 21, 1973. A petition for referendum on the measure was filed with the Secretary of State on July 26, 1973. Pursuant to ORS 254.060, the Attorney General prepared a ballot title. Petitioners allege that they are dissatisfied with the prepared ballot title and request this court, under the authority granted in ORS 254.077, to certify a revised ballot title to the Secretary of State.

The ballot title prepared by the Attorney General provides:

"REVISES PUBLIC EMPLOYES' COLLECTIVE BARGAINING LAW: Expands coverage of present public employe collective bargaining law and gives most public employes the right to strike. Law covers employes of state, cities, counties, community colleges, school districts, special districts and most public and quasi-public corporations other than elected officials, persons appointed to boards or commissions, confidential and supervisory employes. Prohibits strikes by policemen, firemen, certain guards and in other specified instances. Provides for binding arbitration where strikes are prohibited. Makes other provisions."

The ballot title proposed by the petitioners provides:

"REVISION OF PUBLIC EMPLOYE REP-

RESENTATION LAWS: Expands coverage of present public employe collective bargaining law to include all public employes except elected officials, members of boards or commissions, supervisory or confidential employes. Provides representation unit determination and election procedures. Specifies unfair labor practices. Provides remedies. Prohibits strikes by policemen, firemen, guards and in other specified instances. Authorizes injunctions against strikes court finds would endanger health, safety or welfare of the public. Provides for binding arbitration where strike prohibited. Makes other provisions."

The statutory requirements for a ballot title are:

"* * * The ballot title shall consist of a caption not exceeding six words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 75 words in length of the chief purpose of the measure. * * * The ballot title prepared by the Attorney General shall be a concise and impartial statement of the purpose of measure." ORS 254.070.

Some of the more significant provisions of House Bill 2263 are summarized as follows: (1) Defines "public employe" to include all employees of a public employer except elected officials, members of boards or commissioners, or confidential or supervisory employees. Expands the former definition of a "public employer" to include the State of Oregon and its political subdivisions, community colleges, school districts, special districts and public and quasi-public corporations; (2) Specifies unfair labor practices by public employers, employees, and labor organizations. Authorizes Public Employe Relations Board (Board) to investigate complaints, issue cease and desist orders, and take affirmative action to remedy unfair labor practices; (3) Requires Board to resolve ques-

tions of employee representation according to specified election procedures; (4) Authorizes Board to order mediation and fact-finding when parties negotiating a labor dispute reach an impasse; (5) Removes existing prohibition on strikes by public employees when certain conditions have been met, such as exhaustion of mediation and fact-finding remedies and the giving of 10 days' notice of intent to strike. Permits a court to enjoin any strike which creates a clear and present danger to the public health, safety, and welfare, and order binding arbitration of the dispute. Prohibits illegal strikes and prescribes penalties for violations; (6) Prohibits strikes or recognition of a picket line by any on-duty policeman, fireman, or guard at a correctional institution or mental hospital; provides for binding arbitration of labor disputes involving public employees not permitted to strike.

Our task in this proceeding is to determine whether the prepared ballot title is "insufficient or unfair" within the terms of ORS 254.077. *Bazett v. Myers,* 265 Or 122, 508 P2d 199 (1973).

Petitioners principally contend that the prepared ballot title unduly emphasizes the subject of strikes by public employees and fails to mention other provisions on which the voters should be informed.

If passed by the voters, House Bill 2263 will effect numerous important changes in this state's public employee collective bargaining laws as heretofore enumerated. We believe that a ballot title for comprehensive legislation such as House Bill 2263 should inform voters of as many of the bill's important provisions as possible within the statutory 75-word limitation. *See Bazett v. Myers, supra,* 265 Or at 124-5, 508 P2d at 200; *Rogers v. Myers,* 252 Or 656, 452

P2d 302 (1969). We conclude that the prepared ballot title can be reworded, leaving out no information now included and incorporating other of the bill's provisions of which the voters should be apprised.

The following caption and ballot title are certified by this court to the Secretary of State, pursuant to ORS 254.077 (1):

"REVISES PUBLIC EMPLOYES' COLLECTIVE BARGAINING LAWS. Expands coverage of present public employe collective bargaining law to all public employes except elected officials, board or commission members, supervisory or confidential employes. Defines unfair labor practices; provides remedies. Provides bargaining unit election procedures. Permits strikes under specified conditions. Prohibits strikes by policemen, firemen, guards and in specified circumstances by other employes. Courts may enjoin strikes if public health, safety or welfare endangered thereby. Provides binding arbitration where strikes are prohibited. Makes other provisions."

DENECKE, J., dissenting.

In my opinion the ballot title certified by the majority of this court is "better" than that certified by the Attorney General. I am of the further opinion, however, that the ballot title certified by the Attorney General is "a concise and impartial statement of the purpose of the measure" and is not "insufficient or unfair" and, therefore, we should not be concerned with writing a "better" ballot title. See *Bristow v. Thornton,* 249 Or 294, 437 P2d 825 (1968), and dissent in *Oregon AFL-CIO v. Weldon,* 256 Or 307, 316-317, 473 P2d 664 (1970).

HOLMAN, J., joins in this dissent.