STONE, *Petitioner,*
*v.*
MYERS, *Respondent,*
SAVE OREGON'S FAMILY FARM, INC., *Intervenor.*

SCHMIDT, *Petitioner,*
*v.*
MYERS, *Respondent,*
SAVE OREGON'S FAMILY FARM, INC., *Intervenor.*

544 P2d 571

*John H. Buttler,* of Hardy, Buttler, McEwen, Weiss & Newman, Portland, argued the cause and filed briefs for petitioner Stone.

*Dale Pierson,* Salem, argued the cause for petitioner Schmidt. With him on the brief were Goodenough & Pierson, Salem.

*Don S. Willner,* Portland, argued the cause for intervenor. With him on the brief were Willner, Bennett, Riggs & Skarstad, Portland.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

PER CURIAM.

**PER CURIAM.**

These are proceedings under ORS 254.077 for review of a ballot title and caption prepared by the Attorney General for a proposed initiative measure to restrict farming by corporations.

A preliminary petition for the initiative was filed with the Secretary of State on October 22, 1975. Pursuant to ORS 254.060 the Attorney General prepared the following ballot title and caption:

"CONSTITUTIONAL AMENDMENT RESTRICTING FARMING BY CORPORATIONS

"Proposed new constitutional article prohibits certain corporations from farming or owning farmlands except for specified limited purposes and circumstances. Prohibited corporations who presently own farmlands have ten years to dispose of the farmlands. Courts may order corporations to divest unlawfully held farmland."

On November 17, 1975, petitioners Schmidt and Stone filed separate petitions for review in which they seek to have this court certify a new ballot title and caption to the Secretary of State. Petitioner Schmidt alleges that the ballot title and caption proposed by the Attorney General is insufficient and unfair in that:

"(1) The title and caption do not accurately encompass all farming or quasi farming operations included, such as mushroom plants.

"(2) The title and caption do not accurately state the provision that land acquired through foreclosure proceedings by lending institutions must be divested within 10 years and cannot be used for farming during this 10 year period, except under a lease to a family farm.

"(3) The title and caption do not accurately state the provision that the 10 year limitation provision is a covenant running with the land and, therefore, a constitutionally imposed encumbrance thereon.

"(4) The title and caption do not indicate that certain farmland acquired by devise or inheritance could not be used for farm purposes under certain circumstances by heirs or devisees.

"(5) The title and caption do not question the con-

[ 35 ]

stitutionality of said measure under the provisions of the Constitution of the United States."

Petitioner Stone alleges that the title and caption are insufficient and unfair in that:

"(a) The ballot title states that the measure 'prohibits certain corporations from farming or owning farmlands except for specified limited purposes and circumstances.' In truth and in fact, Section 2 of the measure restricts the right to own or farm farmlands to those entities specifically authorized by the measure to do so; that section provides that '*No* corporation * * *' shall farm, own or have an interest in farmlands *except* those enumerated; all others must divest themselves of any present interest within ten years.

"(b) The ballot title fails to state that the measure changes the rights of present holders of mortgages on farmlands by requiring the mortgagee, after ten years, to deal with a different mortgagor if the original mortgagor is not qualified, and changes the rights of present and future holders of such mortgages after default in that it limits substantially the number of prospective purchasers on foreclosure, prohibits a corporate mortgagee who acquires the property on default from farming the lands, and requires such mortgagee to sell the lands to one of the entities authorized to own and farm it within ten years."

We believe that the ballot title and caption furnished by the Attorney General meet the legislative standard set forth in ORS 254.070(4), which requires a "concise and impartial statement of the purpose of the measure." So long as the Attorney General's ballot title and caption meet the standard and is neither "insufficient" nor "unfair" (ORS 254.077), we need not determine whether petitioners' proposed title and caption is "better," or whether we could devise a better one ourselves. See *Drummonds v. Myers,* 273 Or 216, 540 P2d 368 (1975), and cases cited therein.

Ballot title approved. Petitions for review dismissed.