Argued June 6, ballot title reversed June 7, 1978

# AMERICAN CIVIL LIBERTIES UNION OF OREGON, INC. et al, *Petitioners,*
*v.*
# PAULUS et al, *Respondents.*
## (SC 25711)

580 P2d 168

See also 580 P2d 171.

Margaret H. Leek Leiberan, Portland, argued the cause for American Civil Liberties Union of Oregon, Inc. With her on the brief was Lois I. Beran, Portland.

John A. Reuling, Jr., Senior Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

BRYSON, J.

**BRYSON, J.**

Petitioners brought this proceeding under ORS 254.077 for review of a ballot title prepared by the Attorney General for a proposed initiative measure to amend the Oregon Constitution by adding the following provision to Article I:

> "Each human form is possessed of a life right not to be violated or otherwise impaired by law."

ORS 254.060 states that the Attorney General shall provide ballot titles for initiative measures such as the present one. As to the content of the ballot title, ORS 254.070 provides in part:

> "* * * * *.
>
> "(2) For either a referred or initiated measure, the ballot title shall consist of a caption not exceeding 10 words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 75 words in length of the chief purpose of the measure.
>
> "* * * * *.
>
> "(4) * * * The ballot title prepared by the Attorney General shall be a concise and impartial statement of the purpose of the measure."

ORS 254.077 (1) provides:

> "(1) Any person dissatisfied with a ballot title filed by the Attorney General * * * may petition the Supreme Court praying for a different title and setting forth the reasons why the title filed with the court is insufficient or unfair. * * * The court shall review the title and measure, hear arguments, if any, and certify to the Secretary of State a title for the measure which meets the requirements of ORS 254.070 * * *."

The Attorney General prepared and filed the following ballot title with the Secretary of State:

> "PROHIBITS VIOLATING OR IMPAIRING HUMAN LIFE RIGHT BY LAW
>
> "Proposed amendment to Oregon Constitution adds section declaring that each human form is possessed of a life right not to be violated or otherwise impaired by law."

■ The ballot title must be "concise and impartial" and not "insufficient or unfair." Petitioners[1] argue that the proposed *caption* is "insufficient and unfair because it does not state the purpose of the measure, the fact that the measure would amend the Oregon Constitution, or the effect of the measure on present abortion law." The statute they rely on, ORS 254.070(2), does not require the caption to state the purpose of the measure, but only to give the name "by which the measure is commonly referred to or spoken of * * *." The statute is silent on how to caption a measure, such as the present one, that is not commonly referred to. However, the word "caption" itself means that the heading should not only identify the measure but also should serve as an appropriate heading for the abbreviated statement that follows it.

As we have stated before, the purpose of a review under ORS 254.077 is not to write the best ballot title; it is only to test the Attorney General's proposed title for compliance with the statutes. *Drummonds v. Myers,* 273 Or 216, 219, 540 P2d 368 (1975); *Mosser v. Thornton,* 241 Or 482, 485, 406 P2d 788 (1965).

■■ We disagree with petitioners that a caption for a proposed constitutional amendment must *always* identify the measure as a constitutional amendment.[2] It would be unwise to adopt such a rigid rule in light of the 10-word limitation. But in this instance the proposed caption is somewhat ambiguous. We read the

[1] The drafters who submitted the proposed initiative measure to the Secretary of State made no appearance in this court.

[2] Some ballot title captions for constitutional amendments have specified that the measures were constitutional amendments. *See, e.g., Kenagy v. Paulus,* 280 Or 201, 570 P2d 370 (1977); *Allison v. Paulus,* 280 Or 197, 570 P2d 368 (1977); *Stone v. Myers,* 274 Or 33, 544 P2d 571 (1976); *Whelan v. Johnson,* 257 Or 238, 478 P2d 391 (1970). Other cases have not so specified. *See, e.g., Kegg v. Paulus,* 282 Or 47, 576 P2d 1255 (1978). We have been cited to no case, and have found none, discussing whether the caption must specify that the measure amends the constitution. The case relied on by petitioners, *Rogers v. Myers,* 252 Or 656, 452 P2d 302 (1969), itself involved a constitutional amendment, but the caption as certified by this court did not state that it was a constitutional amendment.

language of the proposed amendment to prohibit only *laws* that violate or impair the life right of human forms. This being so, the fact that the measure would amend the constitution may be conveniently incorporated as follows:

"CONSTITUTIONAL AMENDMENT PROHIBITS LAWS VIOLATING OR IMPAIRING HUMAN LIFE RIGHT"

■ Petitioners also argue that the caption is improper because it uses the term "life right," which is similar to the "right to life" slogan of anti-abortion groups. While it is true that no part of a ballot title should contain a slogan, *Marr v. Thornton,* 237 Or 503, 504, 392 P2d 458 (1964), in this case the term "life right" is language taken directly from the proposed amendment itself. No paraphrase would serve as well because the term "life right" would be the controlling constitutional language in case the measure were adopted.

■ Petitioners also attack the proposed "abbreviated statement" of the measure. They note that the abbreviated statement prepared by the Attorney General is really just a repetition of the exact language of the measure. We are not persuaded by their argument that such a repetition is improper per se under ORS 254.070 and 254.077. The purpose of the abbreviated statement is, as the name implies, to provide a brief statement of the essential purposes of the measure. The statute is obviously concerned with measures that exceed 75 words in length. The statute does provide that the statement shall be "concise and impartial." The proposed statement meets both requirements.

■ Petitioners argue that the statement is "insufficient," ORS 254.077(1), because it does not state the effects of the measure on abortion, the death penalty, euthanasia, or contraception. However, a statement that did attempt to predict such effects, in the absence

of some basis for such a prediction,[3] could not be impartial. Both sides to this dispute agree that the initiative measure is vague, and this vagueness, we take it, is the real source of petitioners' objections. However, to require the Attorney General to speculate on the meaning of the language of the measure would be to substitute his interpretation of the measure for that which may ultimately be decided in a judicial proceeding. Such a requirement would depart from the strict impartiality required of the Attorney General by ORS 254.070(4); moreover, it would interfere with the purpose of the initiative law itself because by giving the Attorney General the power to interpret such measures it would allow him, in effect, to rewrite them.

Petitioners also argue that the Attorney General should have stated that the measure *may* have an effect on the above enumerated subjects. They propose the following language to do this:

"* * * The purpose of the amendment may be to prohibit abortion, but it may not have that effect. In addition, it may or may not affect present law in many areas, some of which are the death penalty, life support systems, contraception, diagnostic procedures for birth defects, and right to die legislation."

This proposed language really amounts to an argument that the proposed measure is unclear. It does not explain the provisions of the measure any better than does the Attorney General's ballot title. Statements about the effects of proposed measures are to be left to public debate; they have no place in ballot titles. *Kegg v. Paulus,* 282 Or 47, 50, 576 P2d 1255 (1978); *Martindell v. Myers,* 261 Or 177, 179, 493 P2d 42 (1972).

If the proposed measure be adopted, the language of the measure will be the language of the constitution

---

[3]The Attorney General's brief states that he "immediately recognized that the measure's broad language would have very uncertain application." He and his staff did not know what the drafters of the measure intended by it and could only speculate about the intent.

and it will have to speak for itself. The Attorney General's ballot title similarly lets the proposed measure speak for itself. The proposed ballot title is an exact statement of the provisions and thus cannot be said to be partial, insufficient, or unfair. The "flaws," if any, in the ballot title are the flaws of the proposed initiative measure and must be left to the judgment of the people. At the time of argument the Attorney General proposed putting quotation marks around *human form* and *life right* as it appeared in his proposed abbreviated statement. He subsequently acceded to placing quotation marks as shown in the following ballot title certification. He also stated he had no objection to showing in the caption that the proposed initiative is a constitutional amendment.

The following ballot title is certified to the Secretary of State:

CONSTITUTIONAL AMENDMENT PROHIBITS LAWS VIOLATING OR IMPAIRING HUMAN LIFE RIGHT

Proposed amendment to Oregon Constitution adds section declaring that "each human form is possessed of a life right not to be violated or otherwise impaired by law."