Argued and submitted April 1,
ballot title certified April 9, 1980

PACIFIC POWER & LIGHT
COMPANY, et al,
*Petitioners,*

*v.*

PAULUS,
*Respondent,*
and
BARTELS, et al,
*Intervenors.*

(SC 26867)

609 P2d 813

Robert F. Harrington and Thomas Nelson, of Stoel, Rives, Boley, Fraser & Wyse, Portland, argued the cause and filed a brief for petitioners.

John A. Reuling, Jr., Senior Assistant Attorney General, Salem, argued the cause and filed a brief for respondents. With him on the brief were James A. Redden, Attorney General, and Walter Barrie, Solicitor General, Salem.

Beverly Stein, Portland, argued the cause and filed a brief for intervenors.

Before Denecke, Chief Justice, and Howell, Lent and Peterson, Justices.

PER CURIAM.

## PER CURIAM.

This is a proceeding under ORS 250.085 to review a ballot title for a proposed initiative measure entitled "The Oregon Renewable Energy Development and Conservation Act of 1980."

Initially the ballot title provided by the Attorney General for the Secretary of State stated as follows:

"RENEWABLE ENERGY DEVELOPMENT
AND CONSERVATION ACT

"Question: Shall people elect Energy Development Commission to sell bonds, develop energy, lend for renewable energy and conservation projects, wholesale electricity?

"Explanation: Measure creates elected Energy Development Commission, authorized to sell bonds under Article XI-D and proposed Article XI-J of Oregon Constitution to develop and operate renewable energy projects, buy and wholesale electricity, and make secured loans for financially sound renewable energy development and conservation projects. Requires protection of environment. Commission may not develop or finance coal or nuclear plants, or acquire investor-owned facilities. Commission property subject to taxation. Appropriates startup funds, repayable to General Fund."

The petitioners, dissatisfied with the ballot title, contend that it is insufficient and unfair for numerous reasons, one of which is the statement that the Energy Development Commission "may not * * * acquire investor-owned facilities." The Attorney General, in this court, concedes that the ballot title is misleading in that regard. The Attorney General states that the measure only prohibits the Commission from acquiring *electric power generation plants* owned by investor-owned facilities in this state and does not prohibit the Commission from acquiring any other facilities of investor-owned utilities if necessary to carry out the measure.

Accordingly, the Attorney General has prepared an amended ballot title which is the same as the original, except that the word "generating" is added so that the phrase will read "Commission may not develop * * * or acquire investor-owned generating facilities."

The proposed initiative measure consists of 45 pages. The ballot title to be prepared is required by ORS 250.035 to be "a concise and impartial statement of not more than 75 words of the chief purpose of the measure." We have considered the objections filed by petitioners and, when so considered in light of the complexity and length of the measure and the limitation of 75 words to explain the purpose of the measure, we cannot say that the ballot title as amended is "insufficient or unfair." *See Priestley v. Paulus,* 287 Or 141, 597 P2d 829 (1979); *Stone v. Myers,* 274 Or 33, 544 P2d 571 (1976).

Accordingly, we certify to the Secretary of State the following ballot title as proposed and amended by Attorney General:

### "RENEWABLE ENERGY DEVELOPMENT AND CONSERVATION ACT

"Question: Shall people elect Energy Development Commission to sell bonds, develop energy, lend for renewable energy and conservation projects, wholesale electricity?

"Explanation: Measure creates elected Energy Development Commission, authorized to sell bonds under Article XI-D and proposed Article XI-J of Oregon Constitution to develop and operate renewable energy projects, buy and wholesale electricity, make secured loans for financially sound renewable energy development and conservation projects. Requires protection of environment. Commission may not develop or finance coal or nuclear plants, or acquire investor-owned generating facilities. Commission property subject to taxation. Appropriates startup funds, repayable to General Fund."