Argued and submitted April 7, ballot title certified April 16, 1982

# PACIFIC POWER & LIGHT COMPANY et al,
*Petitioners,*

*v.*

# PAULUS,
*Respondent.*

(SC 28523)

# HASTINGS et al,
*Petitioners,*

*v.*

# PAULUS,
*Respondent.*

(SC 28524)

Consolidated for Review

643 P2d 871

Robert F. Harrington, Stoel, Rives, Boley, Fraser and Wyse, Portland, argued the cause and filed the petition for Pacific Power & Light Company.

Warren Hastings, Portland General Electric Company, Portland, argued the cause and filed the petition for Portland General Electric Company.

Stanton F. Long, Deputy Attorney General, argued the cause for respondent. On respondent's answering memorandum were David Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, John A. Reuling, Jr., Chief Counsel Opinion Section, and Max Rae, Law Clerk.

PER CURIAM.

## PER CURIAM.

Pursuant to ORS 250.045, a prospective petition to initiate a state measure was filed with the Respondent, Secretary of State. Thereafter, the Attorney General provided a ballot title for the measure to be initiated, ORS 250.065. The form for a ballot title is prescribed by ORS 250.035(1):

"The ballot title of any measure to be initiated or referred shall consist of:

"(a)   A caption of not more than 10 words by which the measure is commonly referred to;

"(b)   A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c)   A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

Two separate petitions have been filed in this court, challenging the title provided by the Attorney General as being insufficient and unfair. ORS 250.085. The court, on its own motion, consolidated both matters.

■      The measure[1] to be initiated is agreed by all parties to be lengthy, detailed and complex. The Attorney General provided the following ballot title:

"RENEWABLE ENERGY DEVELOPMENT
AND CONSERVATION ACT

"QUESTION: Shall elected commission be created to sell bonds, lend for and develop renewable energy and conservation projects, and wholesale electricity?

"EXPLANATION: Creates elected commission authorized to sell bonds, develop renewable energy and conservation projects, operate energy projects, make secured loans for projects, wholesale electricity to consumer-owned utilities, and conduct related activities. Qualified projects of individuals, small businesses, and consumer-owned utilities preferred. Major projects require voter approval. Commission could not develop coal or nuclear plants, lend

---

[1] In 1980 we reviewed a very similar measure and a ballot title provided by the Attorney General in *Pacific Power & Light v. Paulus*, 289 Or 31, 609 P2d 813 (1980).

to investor-owned utilities. Requires protection of environment. Commission property subject to taxation. Appropriates startup funds, repayable with interest."

Each petition alleges that title to be insufficient and unfair in various particulars. We have pointed out many times that our role is not to write a better title but only to determine if that provided by the Attorney General is insufficient or unfair.[2]

■     Petitioners for review contend that the title proposed by the Attorney General fails to mention several important provisions of the measure to be initiated. The Attorney General answers that because of the length and complexity of the measure it is impossible within the statutorily prescribed word limitations to mention every important provision. We do not perceive that there is any precedential value in examining these points one by one in these pages. In each instance of contention between the parties, we find that the provisions described in the Attorney General's title are at least as important as those which he has chosen not to mention. We cannot fault his title for insufficiency or unfairness in those respects.[3]

■     In addition to the omissions of which petitioners for review complain, they assert that portions of the provided title are erroneous and are, therefore, unfair as being calculated to mislead. Again, we find nothing to be gained by evaluating the claims seriatim. Although the claims are

---

[2] ORS 250.035(1) requires that the 75 (or less) word statement shall be "concise and impartial." ORS 250.085 permits a challenge before this court, not on the grounds that the challenged title is not concise and impartial, but rather on the grounds that the title is insufficient or unfair. *See also* n. 4, *infra*.

[3] The measure before us contains an important provision that did not appear in the 1980 measure considered by this court in *Pacific Power & Light v. Paulus, supra*. The provision is found in Section 12(2):

"Effective 30 days after passage of this Act, loans or payments for termination of nuclear power plants in Washington State by Oregon municipal utilities, People's Utility Districts, and Rural Electric Cooperatives require a vote by residents of the municipalities, People's Utility Districts and by customer members of Rural Electric Cooperatives."

The petitioners on review have convinced us that this provision is undoubtedly of importance, but we have simply been unable to find language which would permit mentioning this provision in the 75 (or less) word statement without omitting something else of equal importance or so editing the statement by deletion as to impair its understandability.

seriously made and are well argued, we cannot agree that the Attorney General's language is erroneous or misstates the provisions of the measure. In some instances the language may be somewhat vague or general, but we attribute this to the Attorney General's desire to avoid a misinterpretation of the language of the measure. In other words, the measure itself, in certain particulars, may admit of varying impressions in the mind of the reader, and it is not the province of the Attorney General in discharging his duty to provide a title to make clear that which is not clear in the measure itself.

Under ORS 250.085(3), we are required to certify a title to the Secretary of State, and we hereby certify to that official the title provided by the Attorney General as set forth above.[4]

---

[4] ORS 250.085(3) actually requires us, after our review, to certify to the Secretary of State a title which meets the requirements of ORS 250.035. That is the section of the code that calls for an explanation which is a "concise and impartial statement of * * * the chief purpose of the measure." It is readily seen that our duty to review calls for one thing and our duty to certify perhaps for a different thing. We believe the legislature should clarify our role in this process.