Argued and submitted January 10, ballot title certified January 18, 1984

PRIESTLEY,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC S30205)

FADELEY,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC S30206)

675 P2d 1048

Wally Priestley, pro se, for petition number SC S30205. Charles N. Fadeley argued the cause for petition number SC S30206. On the petition was Edward N. Fadeley.

Elizabeth Stockdale, Assistant Attorney General, for respondent. With her on the Memorandum in Answer to Petition to Review Ballot Title were Dave Frohnmayer, Attorney General, and James Mountain, Solicitor General.

PER CURIAM

## PER CURIAM

The Attorney General provided a ballot title for a measure to be submitted to the people to amend the Oregon Constitution. Two petitions were filed under ORS 250.085, challenging the provided title as being insufficient and unfair. One petition was by State Senate President Edward N. Fadeley and the other by State Representative Wally Priestley. On our own motion we consolidated these two matters.

By ORS 250.035 a ballot title must consist of:

"(a)   A caption of not more than 10 words by which the measure is commonly referred to;

"(b)   A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c)   A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

We have often stated that our function is not to attempt to write a better title than that provided by the Attorney General but only to determine if that provided by the Attorney General is insufficient or unfair. *See,* e.g., *Pacific Power & Light v. Paulus,* 292 Or 826, 643 P2d 871 (1982). That oft repeated statement may be not entirely accurate for the reasons stated in that decision in footnote 4 thereto; i.e., ORS 250.085(3) commands this court to certify to the Secretary of State a title for the measure which meets the requirements of both ORS 250.035 and of ORS 250.039, which provides for standards for readability.

Both petitions attack the caption provided by the Attorney General, which is:

"CONSTITUTIONAL SALES AND USE TAX RATE LIMIT, PROPERTY TAX REDUCTION."

Both petitioners urge that the caption is wanting in alerting the voter to the fact that passage of the measure will result in a sales and use tax becoming operative in this state. They contend that the caption gives the impression that the chief purpose of the measure is to limit taxes rather than imposing a new tax. The respondent, speaking through her counsel, the Attorney General, has impliedly conceded before this court

that the caption could make it more clear that passage of the measure will impose a sales and use tax. The Attorney General has stated that respondent has no objection to the following caption:

"CONSTITUTIONAL SALES TAX LIMIT, PROPERTY TAX REDUCTION: SALES TAX ENACTMENT."

Both petitioners suggest that this caption is also wanting in failing to reveal up front that a new tax is being enacted. We find merit to that suggestion.

On oral argument, the respondent's counsel candidly conceded that this measure is most commonly referred to as imposing or enacting a sales tax. With that in mind and heeding the requirement of ORS 250.035(1) that the caption disclose how the "measure is commonly referred to" and carrying out our duty under ORS 250.085(3), we conclude that the following should be the caption:

"IMPOSES CONSTITUTIONALLY LIMITED SALES-USE TAX FOR PROPERTY TAX REDUCTION."

Both petitioners have also challenged the question provided by the Attorney General for the ballot title:

"Shall Constitution be amended to limit sales and use tax rate, dedicate sales tax revenues to property tax reduction?"

Their position is essentially the same as in connection with the caption, namely, that one answering the question affirmatively and voting accordingly would not realize that this was a vote in favor of imposing a sales and use tax. Again, without conceding that the provided question is unfair, the respondent through counsel has suggested that respondent would not object to the court's certifying a different question:

"Shall Constitution be amended to limit sales tax rate, dedicate proceeds to reduce property taxes; shall sales tax be imposed?"

We agree with the petitioners that fairness requires that the question first address imposition of a sales tax prior to speaking to its limitations and use. Pursuant to our duty to certify a title that meets the requirements of ORS 250.035 and 250.039, we have constructed the following question:

"Shall Oregon Constitution be amended and sales tax at limited rate be imposed to raise funds to reduce property taxes?"

The explanation provided by the Attorney General was as follows:

"Legislatively proposed constitutional amendment. Limits any sales tax adopted by legislature to four percent rate. Requires that sales tax revenue reduce property taxes. Exempts food, medicine, utilities and other items from sales tax. Directs legislature to provide low income sales tax refund or credit, residential renter property tax relief. Allows discount for seller's collection costs. Forbids local government sales taxes.

"Sales tax measure effective on passage of amendment. Amendment effective if constitutional spending limit approved."

The petitioners contend that this explanation is unfair and insufficient, mostly because it allegedly makes broad statements which are inaccurate for failure to qualify them. Within the statutorily imposed 75 word limit, all desirable qualification is not possible. Even so, respondent's counsel has suggested some amendment to accomplish what can be done to make the statements more accurate through qualification and voices that there would be no objection to the following explanation:

"Constitutional amendment limits general sales and use taxes imposed by law to four percent rate. Requires that net tax revenue reduce property taxes. Exempts certain food, medicine, utilities, other items from sales tax. Directs legislature to provide low income tax refund or credit, residential renter property tax relief. Requires discount for seller's collection costs. Forbids local government sales taxes.

"Sales tax on goods and services imposed on passage. Amendment effective if constitutional spending limit approved."

Upon oral argument, petitioners were still not satisfied that this alternative explanation is fair and sufficient.

We conclude that the explanation is insufficient because it is not so arranged as to facilitate understanding. Cf., ORS 250.039. It does not start with the chief purpose, which is to impose a tax, and progress to the limiting of the

tax, its collection and its required use. We believe the following explanation will correct the insufficiency insofar as statutory constraints permit:

"Amends Oregon Constitution. Makes operative sales and use tax on goods and services limited to 4%. Exempts certain foods, medicines, other items. Allows sellers some of proceeds for collection costs. Requires net revenue be used to reduce property taxes. Directs legislature to provide some refund or credit to low income persons and some residential renter property tax relief. Forbids local government sales taxes. Amendment effective only if proposed constitutional spending limit approved by people."

In conclusion, pursuant to ORS 250.085(3), we certify to the Secretary of State the following title:

"IMPOSES CONSTITUTIONALLY LIMITED SALES-USE TAX FOR PROPERTY TAX REDUCTION.

"Shall Oregon Constitution be amended and sales tax at limited rate be imposed to raise funds to reduce property taxes?

"Explanation: Amends Oregon Constitution. Makes operative sales and use tax on goods and services limited to 4%. Exempts certain foods, medicines, other items. Allows sellers some of proceeds for collection costs. Requires net revenue be used to reduce property taxes. Directs legislature to provide some refund or credit to low income persons and some residential renter property tax relief. Forbids local government sales taxes. Amendment effective only if proposed constitutional spending limit approved by people."