Argued and submitted January 10, ballot title certified as modified January 24, 1984

WELLS,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC S30151)

675 P2d 482

Marc D. Blackman, Portland, argued the cause and filed the petition for petitioner.

John Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause for respondent. With him on the Memorandum in Answer to Petition to Review Ballot Title were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioner Wells challenges the ballot title prepared by the Attorney General and certified to the Secretary of State for an initiative that would add, amend and repeal provisions of the Oregon criminal law and procedure statutes. The proposed statutory changes are many and diverse. They encompass the following general areas: victims' compensation and participation in the criminal justice system, charging of crimes, trial procedure, sentencing and parole, and repeal of statutes regulating stops, frisks and the suppression of evidence unlawfully obtained.

Examining the proposed initiative with regard to victims of crimes, the measure would amend ORS 137.101, the compensatory fine statute, to broaden the crimes for which a victim may receive compensation, and to require a liberal construction in favor of victims. The measure introduces new provisions into ORS Chapter 136 and an amendment to ORS 144.120 that would require the court to "take the victims into consideration" when scheduling hearings requiring the victim's presence, allowing the victim and the district attorney to appear at sentencing and parole hearings, and requiring the pre-sentence report to include statements from the victim.

The measure adds new sections to ORS Chapter 161 which would set standards for charging crimes. It defines as a separate offense any act which occurs during a continuous and uninterrupted course of conduct and either (1) violates a statutory provision that requires proof of an element that another provision does not, (2) involves a different victim (with exceptions for jointly owned property in enumerated crimes), or (3) is a repeated violation of the same provision involving the same victim.

Changes in trial procedure are reflected in amendments to the evidence code, ORS 40.355, which would expand the admissibility of a witness's prior convictions. Prior convictions up to 15 years old may be admitted, and without regard to the prejudicial effect of admission. In addition, the state or the opposing side would have the opportunity to rebut the witness's explanation of the conviction. An amendment to ORS 136.001 would require the judge to withhold consent to a defendant's waiver of jury trial if the district attorney objects. An amendment to ORS 136.230 would increase the state's

peremptory challenges to the same number as the defendant. An amendment to ORS 135.705 would require the district attorney's approval to the dismissal of a charge after a civil compromise. A rewrite of ORS 136.060 would require joint trials for jointly charged defendants unless the court finds this "clearly inappropriate."

In the areas of sentencing and parole, the measure would add a new section to ORS Chapter 137 to enumerate standards for imposing consecutive or concurrent sentences. ORS 144.310 would be repealed and new provisions would replace it requiring a defendant to serve the entire sentence unless the State Board of Parole certifies that a person is no longer a threat to society. Other provisions would require revocation of parole without possibility of release of any kind if a parolee is convicted of a Class A felony or any felony resulting in physical injury to another. The 1985 legislature would be required to refer a prison construction bond measure to the people. The revisions of the parole statutes would not take effect until the new prison construction bond measure is passed by a vote of the people.

The measure would repeal the stop and frisk statutes, ORS 131.605-131.625, and the statutes regulating motions to suppress unlawfully obtained evidence, ORS 133.673-133.703.

Other proposed amendments not falling within the above classifications include one provision amending ORS 133.545 to authorize the execution of a search warrant anywhere within the state. In order to avoid the use of masculine pronouns another section would amend ORS 136.643, which declares that defendants are competent witnesses and may waive the right to testify without creating a presumption against themselves.

The Attorney General filed the following ballot title with the Secretary of State:

MEASURE CHANGES SEVERAL PROVISIONS
OF CRIMINAL LAWS IN STATE'S FAVOR.

"QUESTION: Shall several statutory provisions of the criminal law be changed in the State's favor?

"EXPLANATION: Gives state right to jury trial and additional jury challenges in criminal cases. Repeals statutes on exclusion of unlawfully obtained evidence. Expands disclosure

at trial of witnesses' prior convictions. Limits separate trials for jointly charged defendants. Clarifies sentencing for multiple offenses, concurrent and consecutive sentences.

"Expands police authority to conduct 'stops'. Broadens scope of victims' compensation from fines. Gives victims role in sentencing and parole processes. Provides stiffer parole standards. Make other changes."

Three petitioners challenged the ballot title as insufficient and unfair.[1] In response, the Attorney General submitted an alternative ballot title, impliedly conceding the inadequacy of the title as submitted. We consider the Attorney General's alternative ballot title together with petitioners' proposals in order to reach a ballot title that meets the requirements of ORS 250.035(1) and ORS 250.039.[2]

ORS 250.085 requires us to review the proposed ballot title to determine whether it is "insufficient, not concise or unfair." That is our only task. We express no view as to whether this proposed measure complies with article IV, section 20 of the Oregon Constitution.

The Attorney General argues that the unifying purpose of the measure is to "modify the criminal procedure rules in favor of the prosecution, to redress a perceived imbalance," and so defends the limited scope of his caption and question. However, the Attorney General's caption and question reflect only some of the changes proposed by the measure. It does not

---

[1] *See Herron v. Paulus,* 296 Or 344, 675 P2d 489 (1984), and *Crabtree v. Paulus,* 296 Or 347, 675 P2d 488 (1984).

[2] ORS 250.035(1) provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words by which the measure is commonly referred to;

"(b) A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

ORS 250.039 provides:

"For all measures, the Secretary of State by rule shall designate a test of readability and adopt a standard of minimum readability for a ballot title. The ballot title shall comply with the standard to the fullest extent practicable consistent with the requirements of impartiality, conciseness and accuracy."

indicate that the proposed changes extend beyond the criminal procedure rules affecting the prosecution of criminal defendants to areas as diverse as victims' compensation, sentencing authority and parole restrictions.

With regard to the explanation, it is apparent that all the changes proposed in the measure cannot be contained within the 75 word statutory limit. The explanation should inform voters that it is incomplete, and at the same time include as many of the changes as possible.

After considering all the proposals, we find the following ballot title to be fair, sufficient, concise and readable:

"REVISES NUMEROUS CRIMINAL LAWS CONCERNING POLICE POWERS, TRIALS, EVIDENCE, SENTENCING

"QUESTION: Shall prosecutor's control over trial procedures be expanded, and major changes made in police powers, evidence, sentencing, parole, victim's role?

"EXPLANATION: NOTICE: THIS DESCRIPTION DOES NOT IDENTIFY ALL CHANGES PROPOSED TO CRIMINAL STATUTES. Gives prosecutors new or additional authority, including to compel jury trials, prevent dismissals after civil compromises, try multiple defendants jointly; repeals statutes regulating stops and searches of persons and statutes allowing challenges to illegally or unconstitutionally obtained evidence; gives victim role in trial scheduling, sentencing, parole; expands cross-examination on witness's prior convictions; regulates multiple and consecutive sentences; makes other changes."

Ballot title certified as modified.