Argued and submitted February 3, ballot title revised February 15, 1984

OREGON TAXPAYERS UNION,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC S30323)

676 P2d 305

Henry Kane, Beaverton, argued the cause and filed the Petition for petitioner.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause and filed the Memorandum in Answer to Petition to Review Ballot Title and Supplement to Memorandum. With him on the Memorandum and Supplement to the Memorandum were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Campbell, Roberts, Carson and Jones, Justices.

PER CURIAM

## PER CURIAM

Petitioner, Oregon Taxpayers Union,[1] challenges the ballot title prepared by the Attorney General and certified to the Secretary of State for a proposed initiative that would amend the Oregon Constitution. The initiative petition underlying the ballot title at issue herein is comprehensive and, in several aspects, complex.

Petitioner has collected the 20 operative sections of the measure into 10 principal parts, basically, as follows:

1.  The creation of a $20,000 homestead exemption for owner-occupied principal residences with subsequent adjustment provisions, and a renter equivalent, both programs to be funded by the state income tax;

2.  A change in the state income tax structure, leaving some legislative flexibility, but reducing the minimum tax bracket to 3% on taxable net income of not over $500 and increasing the maximum tax bracket to at least 15%, requiring that the highest bracket shall apply to net taxable income of at least $10,000 and over. Deductions for federal income tax paid or accrued would be limited to $5,000;

3.  The adoption of a progressive rate schedule for corporate income tax;

4.  The creation of a spending limit on local government with certain exceptions and authorization for an increase or decrease of the limitation by 50% voter approval;

5.  The income tax restructuring discussed in "2", above, would become effective immediately upon its passage, notwithstanding Article IV, section 1, and Article IX, section 1a of the Oregon Constitution, which provisions prohibit the use of an emergency clause on a tax measure;

6.  The repeal of existing property tax limitation statutes;

7.  The creation of two classes of real property: owner-occupied principal residence; and all other property;

[1] Oregon Taxpayers Union is the chief petitioner of another initiative petition that proposes a property tax limitation amendment to the Oregon Constitution. The ballot title for that initiative petition, the caption of which reads: "CONSTITUTIONAL REAL PROPERTY TAX LIMIT," was certified to the Secretary of State by this court on September 1, 1983.

8. The repeal of the legislatively-created measure to be submitted to the people (SJR 30, 1983 Special Session), the caption of the ballot title of which reads "IMPOSES CONSTITUTIONALLY LIMITED SALES-USE TAX FOR PROPERTY TAX REDUCTION," should it previously have been approved by a vote of the people;

9. The prohibition of the enactment of a sales tax for state expenses, unless initiated by the people; and

10. The declaration that, should this proposed initiative and the initiative that would impose a constitutional limit on real property tax (see footnote 1) both be approved by the people, the amendment receiving the greater number of affirmative votes would become part of the constitution and the other amendment would be repealed.

With these major provisions of the initiative proposal in mind, we turn to the ballot title proposed by the Attorney General.[2]

"CONSTITUTIONAL HOMESTEAD EXEMPTION INCOME TAX FUNDED, LOCAL GOVERNMENT SPENDING LIMIT

"QUESTION: Shall $20,000 of home value be tax exempt, equivalent renter relief, funded by restructured income tax, local spending limit imposed?

"EXPLANATION: Constitutional amendment exempts $20,000 homestead value from property taxes. Requires equivalent renter relief. Relief funded by restructured personal income tax reducing lowest rate, increasing highest rate. Adoption by legislature not referrable. Graduated corporate tax rates required.

"Limits local government spending increases. Allows adjustments, exceeding limits in emergencies. Voters may authorize higher limit. Prohibits sales tax for state expenses unless initiated by voters.

"If alternative tax limit initiative passes, measure with fewer votes is repealed."

---

[2] In his Supplement to Memorandum, the Attorney General points out that the measure's reference to Senate Joint Resolution 30 (1983 Special Session) is superfluous as a result of the recent decision of this court in *Hart v. Paulus*, 296 Or 352, 676 P2d 1384 (1984), which declared the referral process contained in SJR 30 to be unconstitutional. The Attorney General has abandoned the ballot title certified to the Secretary of State and, in accordance with ORAP 15.05(7), suggests a new ballot title that, apparently, is thought to be more sufficient and fair than the originally certified ballot title.

Petitioner contends that the caption and question certified by the Attorney General are unfair and misleading "because they imply that only a homestead exemption and financing of exemption are at issue," and points out six "major provisions of the amendment" to which the caption and question do not refer. Although petitioner does not specifically assert that the explanation contained in the ballot title is unfair or misleading, it proposes an alternative ballot title containing a different explanation.

Petitioner proposes that this court revise the ballot title to read:

"CONSTITUTIONAL HOMESTEAD EXEMPTION AND RENTER EQUIVALENT, LOCAL GOVERNMENT SPENDING LIMITS

"Question: Shall state income taxes be raised to finance $20,000 homestead exemption and renter equivalent, and local government spending limits imposed?

"Explanation: Constitutional amendment exempts $20,000 homestead value from property taxes. Renter receives equivalent relief. Tax on individual income of $10,000 or more raised to at least 15%. Graduated corporate tax rate required. Legislature can use emergency clause on amendment-mandated income tax law. Limits local government increases. Voters may authorize higher limit. Repeals existing property tax limitation statutes unless reenacted. If amendment and other property tax amendment approved, one with most votes takes effect, other repealed."

■ Petitioner asserts that neither the caption nor the question certified by the Attorney General include six of the major provisions in the proposed initiative. However, as pointed out by respondent, petitioner's proposed caption and question omit any mention of five of these six "major provisions." It is obvious that it is not possible to provide a concise and impartial statement of all the component parts of the initiative measure in the limited format mandated by statute, ORS 250.035.

■■ In a similar context, we have stated that part of our task is to determine, when a failure-to-include argument is made, which changes are more important than others. *Christie v. Paulus,* 292 Or 344, 348, 638 P2d 478 (1981). As noted in *Christie,* these questions are not well suited for resolution

under ORS 250.085 and, where reasonable minds can differ, we shall follow the judgment of the Attorney General for he has the responsibility to make the choice in the first instance. As we said in *Bartels v. Paulus,* 293 Or 47, 51, 645 P2d 1059 (1982), "[t]he title cannot be faulted for failure to single out * * * [one provision] at the expense of the others." Our statutory mandate is to review the proposed ballot title to determine whether it is "insufficient, not concise or unfair." ORS 250.085. And if we agree with petitioner, to certify a ballot title to the Secretary of State that meets the requirements of ORS 250.035 and 250.039.

■       Although sympathetic to the problems of inclusion in the task presented to the Attorney General, we agree with petitioner that the ballot title now proposed by the Attorney General is insufficient by one omission . . . the failure to include the "renter equivalent" in the caption.

■       At oral argument, counsel for respondent acknowledged that the language chosen to inform the voter of the one-time emergency clause override by the legislature was less than clear and he proposed a change that had been recommended by one of the chief petitioners of the measure. We find the use of the word "adoption" to be sufficiently ambiguous as to render the sentence insufficient. Therefore, we revise that part of the explanation, not as suggested by one of the chief petitioners, but by substituting the words "first restructuring."

We have considered the arguments of the Attorney General and petitioner and conclude that the following ballot title is fair, sufficient, concise and readable, in the circumstances herein:

"INCOME TAX FUNDED HOMESTEAD EXEMPTION/ RENTER EQUIVALENT, LOCAL SPENDING LIMITATIONS

"QUESTION: Shall $20,000 of home value be tax exempt, equivalent renter relief, funded by restructured income tax, local spending limitation imposed?

"EXPLANATION: Constitutional amendment exempts $20,000 homestead value from property taxes. Requires equivalent renter relief. Relief funded by restructured personal income tax reducing lowest rate, increasing highest rate. First restructuring by legislature not referrable. Graduated corporate tax rates required.

"Limits local government spending increases. Allows adjustments, exceeding limits in emergencies. Voters may authorize higher limit. Prohibits sales tax for state expenses unless initiated by voters.

"If alternative tax limit initiative passes, measure with fewer votes is repealed."