Argued and submitted April 3, certified as modified April 19, 1984

# KOUNS,
*Petitioner,*

*v.*

# PAULUS,
*Respondent.*

(SC S30486)

680 P2d 385

John A. Bennett, Portland, argued the cause for petitioner. With him on the petition was William B. Aitchison, Portland.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause for respondent. With him on the memorandum in response were David B. Frohnmayer,

Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioner objects to a ballot title prepared by the Attorney General for a proposed initiative petition. This is the same initiative petition and the same ballot title involved in *Fithian-Barrett v. Paulus,* 296 Or 819, 680 P2d 381 (1984).

As set forth in our opinion in that case, the initiative petition, among other things, contains provisions that "[a]rticles, information and statements obtained in violation of [specified constitutional rights] shall not be admissible in evidence if such articles, information, and statements would be inadmissible under the decisions of the United States Supreme Court." The ballot title prepared by the Attorney General contains, in the Explanation, this final sentence: "Prohibits admission of evidence obtained in violation of those rights if it would not be admissible under decisions of the U.S. Supreme Court interpreting U.S. Constitution."

In *Fithian-Barrett v. Paulus, supra,* petitioner objected that the quoted provision of the initiative measure merely restates existing law and that the Attorney General's explanation might wrongly lead voters to believe that the proposed measure is needed to make it the law. We held that the challenged sentence "merely reports truthfully that this provision is part of the proposed initiative measure, and we do not find it insufficient or unfair." 296 Or at 824.

The present petitioner also objects to the same sentence, but on opposite grounds. He proposes to change the last sentence of the Attorney General's explanation so as to state that the proposed amendment would ban the exclusion of evidence *unless* the evidence would be inadmissible under decisions of the United States Supreme Court.

That is not how the measure is written, and the Attorney General rightly responds that it is not his function to interpret the proposed measure in preparing a ballot title. As we stated in rejecting petitioner Fithian-Barrett's criticism of the same sentence, we do not find that sentence to be "insufficient or unfair."

We therefore certify to the Secretary of State the Attorney General's ballot title as modified in *Fithian-Barrett v. Paulus, supra.*