Argued and submitted April 3, certified as modified April 19, 1984

# FITHIAN-BARRETT,
*Petitioner,*

*v.*

# PAULUS,
*Respondent.*

## (SC S30487)

680 P2d 381

Emily Simon, Portland, argued the cause for petitioner. With her on the petition was Leland R. Berger, Portland.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause for respondent. With him on

the memorandum in response were David B. Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioner challenges a ballot title prepared by the Attorney General for a proposed initiative petition.

The initiative petition proposes to amend three sections of Article I of the Oregon Constitution, specifically section 9, which guarantees the right of the people to be secure against unreasonable searches or seizures, section 11, insofar as it guarantees the right to counsel in criminal prosecutions, and section 12, which forbids placing a person twice in jeopardy for the same offence or compelling anyone to testify against himself in any criminal prosecution.[1] The initiative petition proposes to amend each of these guarantees by directing that it shall be construed "in conformity with" the corresponding provision in, respectively, the 4th, 6th and 5th amendments of the United States Constitution. Furthermore, the initiative petition proposes to add to each section a new sentence that would state:

> "Articles, information, and statements obtained in violation of these rights [or "this right"] shall not be admissible in evidence if such articles, information, and statements would be inadmissible under the decisions of the United States Supreme Court"

construing the corresponding amendment of the United States Constitution.

The Attorney General filed the following ballot title with respondent Secretary of State:

---

[1] Or Const Art I, sec 9:

> "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

Or Const Art I, sec 11:

> "In all criminal prosecutions, the accused shall have the right . . . to be heard by himself and counsel . . . ."

Or Const Art I, sec 12:

> "No person shall be put in jeopardy twice for the same offence, nor be compelled in any criminal prosecution to testify against himself."

### CONFORMS RIGHTS OF ACCUSED UNDER OREGON AND UNITED STATES CONSTITUTIONS

"QUESTION: Shall certain Oregon Constitution protections of rights of accused be read in the same way as equivalent United States Constitutional provisions?

"EXPLANATION: Measure amends Oregon Constitution sections prohibiting unreasonable searches and seizures; granting right to counsel in criminal cases; prohibiting double jeopardy or forcing persons to testify against themselves. Requires rights granted by each section to be read in the same way as United States Supreme Court reading of equivalent United States Constitutional provisions. Prohibits admission of evidence obtained in violation of those rights if it would not be admissible under decisions of United States Supreme Court interpreting United States Constitution."

■ This court's responsibility is to review whether the ballot title filed by the Attorney General is "insufficient, not concise, or unfair." ORS 250.085. Petitioner Fithian-Barrett asserts that the ballot title in this case is misleading in several respects.

■ One of the asserted insufficiencies is that the voter is not told until reaching the "explanation" part of the ballot title that the initiative proposes to amend the Oregon Constitution. We agree that in this instance that information is crucial to an understanding of the measure. It is true that a proposed constitutional amendment cannot always be labeled as such within the tight ten-word limit allowed for the caption. The Attorney General correctly notes a recent case in which this information had to yield to make room for more essential words. *Oregon Taxpayers Union v. Paulus,* 296 Or 476, 676 P2d 305 (1984). *See also ACLU v. Paulus,* 282 Or 539, 542, 580 P2d 168 (1978). But the caption should alert voters that they are being asked to amend their constitution when this can be done without sacrificing the substance of the proposed amendment.

■ It can be done here. In oral argument, petitioner suggested this caption: "Amends Constitution, Conforms Accused's Rights Under Oregon And Federal Constitutions." This slight rearrangement of the Attorney General's words makes room for the information that a constitutional amendment is being proposed.

■ Petitioner questions the use of the word "conforms." She argues that the Oregon Constitution presently conforms to the United States Constitution and that it is misleading to suggest otherwise. While petitioner interprets "conforms" to mean "comply with," the Attorney General defends "conforms" as meaning "make identical." We do not deny that this involves an ambiguity and one which may be of significance to voters, but this is not the occasion to resolve it. The words "in conformity with" are used in the proposed initiative. We could not substitute another word for "conforms" without undertaking an interpretation of the proposed measure, and the court seeks not to do this in a ballot title proceeding.[2] We therefore reject petitioner's challenge to the Attorney General's use of the word "conforms."

■ Petitioner argues that the title is insufficient in specifying only rights of "accused" persons, because one of the provisions to be amended, Article I, section 9, protects everyone's right to be free from unreasonable searches and seizures, not only the rights of persons suspected of crime. That is also true of the right not to incriminate oneself, protected by Article I, section 12, which applies in civil and administrative proceedings. The title would make it appear as if the changes do not concern people who do not expect to be accused of crime.

Space does not permit a longer phrase in the caption, but there is adequate space to make the point in stating the Question. We therefore modify the Question to state: "Shall certain Oregon constitutional rights of accused and other persons be read the same way as parallel federal constitutional provisions?"

■ In the Attorney General's statement of the Question and the Explanation, we agree with the petitioner's criticism

---

[2] In *ACLU v. Paulus,* 282 Or 539, 580 P2d 168 (1978), upon consideration of a ballot title challenge, we wrote:

"However, to require the Attorney General to speculate on the meaning of the language of the measure would be to substitute his interpretation of the measure for that which may ultimately be decided in a judicial proceeding."

The Attorney General's use elsewhere in the title of the words "in the same way" for "in conformity with" has not been attacked. Also, as in *Wells v. Paulus,* 296 Or 338, 342, 675 P2d 482 (1984), we express no view as to whether this proposed measure complies with Art IV, § 1(2)(d) or § 20 of the Oregon Constitution. *Cf. Holmes and Sprague v. Appling,* 237 Or 546, 392 P2d 636 (1964).

of the word "equivalent" to describe the Oregon and United States constitutional provisions involved. The word "parallel" is an accurate alternative without assuming legal equivalency.

■ Petitioner criticizes the Attorney General's draft of the Explanation on two grounds. First, she contends that it creates doubt whether the amendment grants new rights or amends existing rights. The doubt, if any, results because the words "prohibiting," "granting," and "forcing" are all intended to describe the earlier noun "sections," but they are set off by semicolons. The correct punctuation for the series is to use commas, and we believe this punctuation reduces the risk of confusion.

■ Petitioner also criticizes the last sentence of the explanation, which reads: "Prohibits admission of evidence obtained in violation of those rights if it would not be admissible under decisions of United States Supreme Court interpreting United States Constitution." She observes that it only restates existing law, and she argues that the voter is led to believe that the measure is needed to ensure that evidence not admissible under decisions of the United States Supreme Court would not be admitted. That is, of course, a true statement of existing law and, by virtue of the United States Constitution, it cannot be changed by this or any state. Nevertheless, the sentence placed in the Explanation by the Attorney General merely reports truthfully that this provision is part of the proposed initiative measure, and we do not find it insufficient or unfair.

In accordance with this opinion, we certify the Attorney General's ballot title, as modified, to the Secretary of State:

AMENDS CONSTITUTION, CONFORMS ACCUSED'S RIGHTS UNDER OREGON AND FEDERAL CONSTITUTIONS

"QUESTION: Shall certain Oregon constitutional rights of accused and other persons be read the same way as parallel federal constitutional provisions?

"EXPLANATION: Measure amends Oregon Constitution sections prohibiting unreasonable searches and seizures, granting right to counsel in criminal cases, prohibiting double jeopardy or forcing persons to testify against themselves.

Requires rights granted by each section to be read in the same way as United States Supreme Court reading of parallel United States constitutional provisions. Prohibits admission of evidence obtained in violation of those rights if it would not be admissible under decisions of United States Supreme Court interpreting United States Constitution."