Argued and submitted May 23; resubmitted May 26, ballot title certified
June 22, 1995

Robert CRUMPTON,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent,*

*and*

Ruth BENDL,
*Intervenor.*

(SC S42252)

896 P2d 577

Paul Gamson, Portland, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ruth Bendl, intervenor, filed a memorandum *pro se*.

PER CURIAM

Durham, J., dissented and filed an opinion in which Fadeley and Unis, JJ., joined.

## PER CURIAM

This is an original proceeding in which petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioner is entitled to seek a different title in this court. ORS 250.085(2). Petitioner's arguments here are consistent with those that he made during the administrative process. We have considered each of petitioner's arguments concerning the Attorney General's ballot title. We conclude that none demonstrates a failure on the part of the Attorney General to comply substantially with the requirements of ORS 250.035 and 250.039. *See* ORS 250.085(5) (establishing that formula as this court's standard of review). We therefore certify the following ballot title:

AMENDS CONSTITUTION:
RAISES PUBLIC EMPLOYEES' NORMAL
RETIREMENT AGE; REDUCES BENEFITS

QUESTION: Shall Constitution raise public employees' normal retirement age (except police, firefighters), bar medical benefits for non-disability retirees, limit guaranteed benefits?

SUMMARY: Amends state constitution. Law now sets normal retirement age, except for police, firefighters, at 58. Measure would raise that to Social Security retirement age (now 65 to 67). Public employers could allow earlier retirement, with benefits reduced to actuarial equivalent of benefits payable at normal retirement age. Governments could not guarantee benefits over 75 percent of final salary. Law now provides medical benefits for PERS retirees. Measure bars medical benefits for non-disability retirees. Measure does not apply to benefits vested or accrued before effective date.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(9).

**DURHAM, J.,** dissenting.

I dissent. The Attorney General's ballot title, which the majority certifies to the Secretary of State, does not

comply substantially with ORS 250.035(1),[1] because it fails to state accurately the measure's subject, chief purpose, and major effect. Accordingly, I would certify a different ballot title.

The proposed measure would amend the Oregon Constitution to provide:

"Any system or plan which provides pension or retirement benefits for employees of the State of Oregon or of any political subdivision thereof shall comply with the following limitations:

"(1) The normal retirement age for any person other than a police officer or fire fighter (but including judges and teachers) shall be not less than the 'retirement age' defined by the federal Social Security Act [42 U.S.C. 416(1)(1)]. This subsection does not prohibit public employers from allowing employees to retire before reaching the normal retirement age so long as the benefits paid to such persons are reduced to the actuarial equivalent of the benefit payable at the normal retirement age.

"(2) Employees shall not be guaranteed a level of pension or retirement benefits that exceeds 75% of their final salary, nor shall employees be guaranteed a minimum rate of interest on their retirement accounts. Medical or hospitalization benefits or insurance shall not be provided except that employers may agree to provide such to persons retired by reason of disability.

"(3) This section shall not affect benefits vested or accrued before its effective date.

"(4) This section shall supersede any other provision of the Oregon Constitution with which it conflicts. If any subsection, clause or part of this section is held invalid under the United States Constitution as to any person or circumstance

---

[1] ORS 250.035(1) provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

by any court of competent jurisdiction, the remaining subsections, clauses and parts shall not be affected and shall remain in full force and effect.'' (Brackets in original.)

Each of the three parts of the ballot title — caption, question and summary — conveys distinct information about the measure. The caption identifies the measure's subject. The question plainly phrases the measure's chief purpose which, according to this court, is ''the most significant aim or end which a measure is designed to bring about.'' *Reed v. Roberts*, 304 Or 649, 654, 748 P2d 542 (1988) (footnote omitted). The 85-word statement summarizes the measure and its major effect. As this court noted in *Reed*, a measure's subject, chief purpose, and major effect may not be the same thing. *Id.* at 656.

We start with the words of the measure to determine whether the components of the Attorney General's ballot title convey the distinct information about the measure required by ORS 250.035(1). The measure's words disclose that it would create two general limitations on public employee retirement plans in Oregon. The first limitation, which is set forth in subsection (1) of the measure, would adopt, as the minimum normal public employee retirement age[2] in Oregon, the retirement age set forth in a federal statute. The

---

[2] The measure does not define ''normal retirement age,'' but that phrase may refer to ORS 237.003(18), which defines ''normal retirement age'' for purposes of the Public Employees' Retirement System (PERS):

''The term 'normal retirement age' means 55 years of age for an employee who retires at that age as a police officer or fire fighter or 58 years of age for an employee who retires at that age as other than a police officer or fire fighter.''

ORS 237.121 provides that public employees covered by PERS can retire at their normal retirement age only if they have sufficient years of creditable service in the system. It provides:

''(1) A police officer or fire fighter who is a member of the system and attains the age of 50 or any other employee who is a member of the system and attains the age of 55 shall be retired upon written application by the member to the board on a reduced service retirement allowance which shall be the actuarial equivalent of the service retirement allowance provided for in ORS 237.147 at the normal retirement age.

''(2) Notwithstanding subsection (1) of this section and ORS 237.073-(2)(b)(B):

''(a) A police officer or fire fighter who is a member of the system, attains the age of 50 and has a combined total of 25 years or more of creditable service in the system and prior service credit under ORS 237.081 shall be retired upon written application by the member to the board on a service retirement allowance including, without actuarial reduction, the same current service pension and prior service pension provided for in ORS 237.147 at the normal retirement age.

second limitation, which is set forth in subsection (2) of the measure, would reduce public employee retirement benefits. The parties' dispute concerns the sufficiency and impartiality of the Attorney General's description of the first limitation, concerning retirement age.

The Attorney General's ballot title caption states, as material: "raises public employees' normal retirement age * * *." The question states, as material: "Shall constitution raise public employees' normal retirement age * * *?" The summary states, as material: "Measure would raise that [normal retirement age] to Social Security retirement age (now 65 to 67)."

Petitioner argues that the Attorney General's ballot title is insufficient because, by departing from the measure's text and focusing exclusively on one current effect of the measure, it fails to disclose the measure's subject and chief purpose and adopts a partisan interpretation of ambiguous language in the measure. He urges that we certify a ballot title that reflects more closely his own interpretation of the measure.

I conclude that petitioner's criticisms of the Attorney General's ballot title are well-taken, although his suggested answer to the problem is not. The measure does not say that it "raises" Oregon's public employee retirement age. It says that the normal retirement age under Oregon public employees' retirement plans "shall be not less than" the retirement age stated in a federal statute. In my view, the principal subject and chief purpose of the measure is the adoption of the retirement age stated in a federal statute as the minimum normal retirement age in any retirement plan covering Oregon public employees. By stating that the measure "raises" the normal retirement age, the Attorney General's caption and question state a current effect of the measure, but they fail to disclose the measure's subject and

---

"(b) An employee who is a member of the system, has a combined total of 30 years or more of creditable service in the system and prior service credit under ORS 237.081, and is not eligible to retire under paragraph (a) of this subsection shall be retired upon written application by the member to the board on a service retirement allowance including, without actuarial reduction, the same current service pension and prior service pension provided for in ORS 237.147 at the normal retirement age."

chief purpose. This is not a case in which the Attorney General's description of the subject and chief purpose in the caption and question is merely oblique. The Attorney General's caption and question give *no* notice to petition signers and voters that the measure would create a minimum retirement age for Oregon public employees, regardless of their length of service, by incorporating the retirement age stated in a federal statute.

The Attorney General defends his use of the term "raise" in the three components of his ballot title on the theory that, at present, the retirement ages stated in the federal statute are higher than that stated in Oregon's retirement statute and, unless the federal law changes, the measure would have the immediate effect of "raising" Oregon's public employee retirement age. The Attorney General resists disclosing in the ballot title that the measure adopts a federal statute as the minimum public employee retirement age because, *as he interprets the measure,* it adopts only the federal retirement age in effect when the people enact the measure and does not adopt any amendments to that law that Congress may enact in the future. In contrast, petitioner argues that the measure does incorporate subsequent Congressional amendments to the Social Security retirement age.

The parties' arguments disclose a serious ambiguity in the measure. The Attorney General argues that Article I, section 21, of the Oregon Constitution, prohibits the prospective adoption of laws that the federal government may pass in the future. Article I, section 21, provides, as relevant: "[N]or shall any law be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution[.]" The Attorney General contends that he has adopted an interpretation of the measure, which his ballot title reflects, that will obviate future arguments that the measure violates Article I, section 21.

The Attorney General's argument appears to disregard the supersession clause, subsection (4) of the measure, which is quoted above, but whether the Attorney General's preferred interpretation of the measure is more plausible is beside the point. As this court has said in another context:

"[T]he measure itself, in certain particulars, may admit of varying impressions in the mind of the reader, and it is not

the province of the Attorney General in discharging his duty to provide a title to make clear that which is not clear in the measure itself." *Pacific Power & Light v. Paulus*, 292 Or 826, 830, 643 P2d 871 (1982).

The Attorney General cannot sweep aside the measure's ambiguity by adopting one disputed interpretation of it in the ballot title, even for the supposedly benevolent purpose of saving it from a future attack on its constitutionality as an unlawful delegation of legislative power. "[T]he efficacy of the proposed measure, should it be adopted by the people, is not now before us" in the ballot title review process. *Oregon Aqua-Foods v. Paulus*, 296 Or 469, 472 n 3, 676 P2d 870 (1984) (citations omitted). In fact, the Attorney General has acknowledged "that it is not his function to interpret the proposed measure in preparing a ballot title." *Kouns v. Paulus*, 296 Or 826, 828, 680 P2d 385 (1984).

This court has avoided taking sides in similar controversies over interpretation of a measure's ambiguous words by requiring use of the words of the measure, or a close paraphrase of those words, in the ballot title. In *Aughenbaugh v. Roberts*, 309 Or 510, 516, 789 P2d 656 (1990), the court decided that a ballot title summary should include the phrase "including commission costs," which was taken from the text of the measure, even though the meaning of the phrase was vague and sharply disputed by the parties:

> "If the measure is enacted into law, this court ultimately may be required to decide the meaning and significance of the language 'including commission costs.' It would be inappropriate for this court to do so in the ballot title's Summary. *See Sampson v. Roberts*, 309 Or 335, 339, 788 P2d 421 (1990). Whatever the words 'including commission costs' mean in the context of Section 6 of the measure, the measure's actual language should be used in the Summary, absent a compelling reason to the contrary. *Id.* at 340. We conclude, therefore, that the Summary should be modified to refer to the inclusion of commission costs, as well as to reflect increases in liquor retail sale prices."

*See also Sampson v. Roberts*, 309 Or 335, 340, 788 P2d 421 (1990) ("Regardless of the correctness of petitioners' interpretation of those words, we agree that the measure's words ['by written evidence'] should be used. In general — and absent a compelling reason to the contrary — the Attorney

General should use the actual language of the measure in the Summary."); *Oregon Aqua-Foods*, 296 Or at 473 ("To the extent that the words chosen by the Attorney General differ from those in the initiative measure, we find the proposed question to be insufficient. The argument by the Attorney General that the 'fine shades of meaning' will be lost on the voter is not persuasive."); *Glerum v. Roberts*, 308 Or 22, 27, 774 P2d 1093 (1989) (applying same principle).

By stating repeatedly that the measure would "raise" the retirement age, the Attorney General's ballot title masks the ambiguity in the measure about whether the Oregon retirement age would continue to rise or fall with any future Congressional amendments to the Social Security Act respecting retirement age. The ballot title must convey what the text of the measure actually would do, *i.e.*, require that the retirement age for most Oregon public employees be not less than the retirement age in the federal Social Security Act. The Attorney General offers no compelling reason for departing from the text of the measure in describing it in the ballot title. The Attorney General's ballot title is not impartial, because it does not describe neutrally the key text of the measure and, for that reason, it violates ORS 250.035(1).

We should certify a ballot title that accurately states the subject, chief purpose, and major effect of the measure but avoids resolving the significant ambiguity in the measure's text. The following ballot title would do so and substantially comply with ORS 250.035(1):

AMENDS CONSTITUTION:
FEDERAL LAW SETS MINIMUM
PUBLIC EMPLOYEE RETIREMENT AGE

QUESTION: Shall constitution set public employees' (except police, firefighters) retirement age at not less than federal law, limit public retirement benefits?

SUMMARY: Amends state constitution. Currently, public employees, except police, firefighters, normally may retire at 58 with sufficient years of service. Measure sets public employee retirement age at not less than federal statute (now 65 to 67). Permits earlier retirement, but reduces benefits in proportion to normal retirement age benefits. Prohibits guaranteed benefits over 75 percent of final salary. Law now provides medical benefits to PERS retirees. Measure bars

medical benefits for non-disability retirees. Exempts benefits vested or accrued before effective date.

Because the ballot title certified by the majority does not substantially comply with ORS 250.035(1), I dissent.

Fadeley and Unis, JJ., join in this dissenting opinion.